E-FILED
Tuesday, 16 September, 2025  04:40:29 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| Jonathan Hewitt, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Foresight Energy LLC,<br><br>Defendant. | Civil Action No. 3:25-cv-03273<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

Plaintiff Jonathan Hewitt ("Plaintiff" or "Hewitt"), individually and on behalf of all others similarly situated, files this Complaint against Defendant Foresight Energy LLC ("Foresight" or "Defendant") showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one half-the regular rate of pay for all hours worked over forty (40) in each seven-day workweek.

2. Specifically, Defendant requires Plaintiff and other hourly paid mining employees to suit into protective clothing and safety gear (personal protective equipment, hereafter "PPE") necessary to safely perform their job duties and travel into the mines also known as "donning," while on mining premises without compensation, prior to being "clocked in." Similarly, Defendant requires Plaintiff and other hourly paid mining employees to remove and store PPE and wash up, also known as "doffing," without compensation, or while "clocked out." This pre/post shift off the

clock work policy of Defendant's violates the FLSA by depriving Plaintiff and other hourly paid mining employees of overtime wages when they work in excess of forty (40) hours in a workweek.

3.     Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven (7) day workweek in the time period of three (3) years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

4.     Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

5.     Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of this IMWL on behalf of other similarly situated employees employed by Defendant in the State of Illinois.

## II.     THE PARTIES

### A.     Plaintiff Jonathan Hewitt

6.     Plaintiff is an individual residing in Gallatin County, Illinois. Plaintiff has standing to file this lawsuit.

7.     Plaintiff began working for Defendant on or about January 12, 2025. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about June 22, 2025.

8.     At times relevant, Plaintiff was paid on an hourly basis of approximately $34.00 per hour.

9.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.    Collective Action Members.**

10.    The putative Collective Action Members are all current and former hourly paid employees of Defendant's who are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) during each seven (7) day workweek. Because Defendant did not pay all overtime premium compensation due to their employees who routinely worked over forty (40) hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

**C.    Defendant Foresight Energy LLC**

11.    Defendant is a corporation organized under the laws of the state of Delaware.

12.    At all times relevant to this lawsuit, Defendant has done business in the State of Illinois.

13.    Defendant's principal place of business and headquarters according to the Illinois Secretary of State is 211 North Broadway, Suite 2600; St. Louis, Missouri 63102.

14.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15.    At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

16.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17.    Defendant employed two or more employees who regularly engaged in commerce in their daily work.

18.     Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

19.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20.     Defendant may be served with summons through its registered agent Illinois Corporation Service Company at 801 Adlai Stevenson Drive; Springfield, IL 62703-4261.

### III.     JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

22.     The United States District Court for the Central District of Illinois has personal jurisdiction over Defendant because Defendant does business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

24.     The Court properly exercises supplemental jurisdiction over the pleaded state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

### IV.     FACTUAL BACKGROUND

25.     Defendant employed Plaintiff as a mine inspector in connection with its mining business operations. His primary job duties involved examining coal mines for safety and any other manual labor task that Defendant required him to complete.

26.     Plaintiff routinely worked over forty (40) hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed up to seventy (70) hours per workweek. However, Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) during each workweek.

27.     During times relevant, Defendant employed numerous other employees in connection with its mineral extraction business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of forty (40) hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

28.     As a part of their job duties, Plaintiff and similarly situated employees operated heavy equipment and machinery around mining production operations. To perform this work safely, and as part of their job duties, Defendant required Plaintiff and similarly situated workers to wear protective clothing and safety gear (personal protective equipment, hereafter "PPE").

29.     The protective clothing and PPE that Defendant required Plaintiff and similarly situated employees to wear included (but is not limited to) a hard hat, head lamp, reflective clothing, steel toed boots, safety glasses, protective gloves, respiratory protection, fall protection equipment, body protective uniforms, personal gas detectors, knee and elbow pads, cooling/heating gear, and/or other similar protective products, all of which were fundamentally necessary for them to perform their job and travel into the mine. Indeed, much of the protective clothing and/or PPE worn by Plaintiff and similarly situated employees is mandatory per federal regulations. *See* 29 C.F.R. § 1910.132; 30 C.F.R. §§ 56.1-58.620. Donning and doffing this protective clothing and/or PPE was therefore integral and indispensable to the completion of work by Plaintiff and similarly situated employees and therefore formed part of their job duties.

30.    Furthermore, Defendant frequently required Plaintiff and similarly situated employees to carry tools and/or equipment from the preparatory location to the worksite, which is a compensable task.

31.    Similarly, the travel time between donning the protective clothing and/or PPE and the principal work location as well as the time traveling from the principal work location to the doffing/showering site was compensable travel time in a continuous workday. *See* 29 C.F.R. § 785.15; 29 C.F.R. § 785.38 (Travel that is all in the day's work).

32.    All of these tasks frequently took Plaintiff and similarly situated employees approximately sixty (60) minutes or more per shift to complete, including donning, doffing, traveling, obtaining tools, and storing clothing and PPE.

33.    However, Defendant's policy and/or practice does not permit Plaintiff and similarly situated workers to record the time spent completing these compensable tasks. Accordingly, Defendant requests, suffers and/or permits Plaintiff and other similarly situated employees to work "off the clock" without compensation both before and after their scheduled shifts. Defendant is aware of, benefits from, and in fact requires this work to be performed without compensation.

34.    Defendant requests, suffers and/or permits Plaintiff and other similarly situated employees to perform compensable work pursuant to a uniform policy and/or practice, but does not provide compensation for such work. Consequently, Defendant is liable to Plaintiff and similarly situated workers for all time spent performing such work in all workweeks in which they worked over forty (40) hours per week at the rate of one- and one-half times their respective regular rates of pay for all such work performed.

### V.    COLLECTIVE ACTION CLAIMS

35.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36.    Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

37.    Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and former hourly paid employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) during each seven (7) day workweek.

38.    Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

39.    The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

40.    Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

41.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

42.    Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

43.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

44.      Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.    CLASS ACTION CLAIMS

45.      Plaintiff brings his claims for relief under Illinois State Law for violations of the IMWL as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

46.      Numerosity (Fed. R. Civ. P. 23(a)(1)) – the IMWL Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period over fifty (50) individuals worked for Defendant in the state of Illinois.

47.      Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the IMWL Class including, but not limited to, the following:

a.  Whether Defendant unlawfully failed to pay all wages owed in violation of the IMWL;

b.  Whether Defendant maintained a policy or practice of failing to pay the IMWL Class Members for all of their hours of work; and

c.  The proper measure of damages sustained by the IMWL Class Members.

48.      Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the IMWL Class Members. Plaintiff, like other IMWL Class Members, was subjected to Defendant's policy or practice of refusing to pay for all hours of work over forty hours in a given workweek at a rate of one- and-one-half times the regular rate of pay. Plaintiff's job duties and claims are typical of those of the putative IMWL Class.

49.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative IMWL Class. Plaintiff does not have any conflict with any member of the putative IMWL Class.

50.    <u>Adequacy of Counsel</u> (Fed. R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting overtime and regular rate violations under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative IMWL Class.

51.    <u>Predominance and Superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the claims of the putative IMWL Class is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative IMWL Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative IMWL Class Members. The damages suffered by individual members of the putative IMWL Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

52.    <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) Plaintiff intends to send notice to all of the putative IMWL Class Members to the extent provided by Rule 23.

53.    Plaintiff proposes that the class to be certified be preliminarily defined as:

All current and former hourly paid employees of Defendant who worked in Illinois and were not paid one and one half times their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's

failure to compensate for mandatory pre- and post-liminary work, including donning and doffing.

54.     Plaintiff reserves the right to refine this definition or establish subclasses in the even that discovery reveals that a more appropriate class definition exists.

## VII.   COUNT ONE – VIOLATION OF FLSA'S OVERTIME PAY PROVISIONS

55.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

56.     At all times relevant to this lawsuit, Defendant is and has been an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

57.     Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

58.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

59.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

60.     Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

61.     Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

62.     Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a

daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) & 516.5.

63.     Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

64.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

65.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

66.     Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VIII.    COUNT TWO – VIOLATION OF IMWL'S OVERTIME PAY PROVISIONS

67.     The foregoing conduct, as alleged, violates the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL").

68.     The IMWL requires employers to pay nonexempt employees overtime compensation "for a workweek of more than 40 hours […] at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a.

69.     Illinois wage and hour laws provide greater protections for workers than the FLSA. Therefore, Illinois wage and hour laws apply to Plaintiff and the IMWL Class Members. 29 U.S.C. § 218(a).

70.     Throughout the time period relevant to this claim for relief, Plaintiff and the putative IMWL Class Members worked in excess of forty hours in a seven-day workweek for Defendant without receiving 1 1/2 times their respective regular rates of pay due to Defendant's uniformly applicable policy and/or practice of failing to compensate mandatory pre- and post-liminary work, including donning and doffing

71.     Plaintiff seeks all damages to which he and the putative IMWL Class Members are entitled under the IMWL, including damages for the three (3) years prior to the filing of this lawsuit, treble damages, and punitive damages in an amount of five percent (5%) per month of the amount of the underpayments, reasonable attorney's fees and costs, and such other and further relief as provided therein. 820 ILCS 105/12(a).

## IX.     JURY DEMAND

72.     Plaintiff demands a jury trial.

## X.     DAMAGES AND PRAYER

73.     Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a.   An order certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b.   All damages allowed by the FLSA, including back wages;

   c.   Liquidated damages in an amount equal to FLSA-mandated back wages;

   d.   Legal fees;

e.  Costs;

f.  Post-judgment interest;

g.  All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated: September 16, 2025          Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle
       marbuckle@wageandhourfirm.com
       Ricardo J. Prieto
       rprieto@wageandhourfirm.com
       **WAGE AND HOUR FIRM**
       5050 Quorum Drive, Suite 700
       Dallas, Texas 75254
       (214) 489-7653 – Telephone
       (469) 319-0317 – Facsimile

       **ATTORNEYS FOR PLAINTIFF & PUTATIVE COLLECTIVE ACTION MEMBERS**