E-FILED
Thursday, 29 January, 2026  12:01:13 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JONATHAN HEWITT, on behalf of himself and others similarly situated,** | Case No. 3:25-cv-03273-CRL-DJQ |
| Plaintiff, | Judge Colleen R. Lawless |
| vs. | Magistrate Judge Douglas J. Quivey |
| **FORESIGHT ENERGY LLC,** | **AMENDED ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | |

## ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant Foresight Energy LLC, by counsel, responds to Plaintiff Jonathan Hewitt's Collective and Class Action Complaint as follows:

### I.    NATURE OF ACTION

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 1.

2.    Paragraph 2 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 2.

3.    Paragraph 3 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 3.

4.    Paragraph 4 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 4.

5.    Paragraph 4 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 5.

## II.    THE PARTIES

### A.  Plaintiff Jonathan Hewitt

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6 and, therefore, denies the same.

7.    Defendant denies that it employed Plaintiff Hewitt at any time. Defendant admits that M-Class Mining, LLC ("M-Class") employed Hewitt from February 3, 2025 until M-Class terminated his employment on June 25, 2025 after a reasonable investigation into Plaintiff Hewitt's reported misconduct concluded in a determination that he sexually harassed and assaulted a coworker. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 7.

8.    Defendant admits that Plaintiff Hewitt was paid $34.00 per hour while working for M-Class. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 8.

9.    The document attached as Exhibit 1 speaks for itself. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 9 and, therefore, denies the same.

### B.  Collective Action Members

10.    Paragraph 10 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 10.

### C.  Foresight Energy LLC

11.    Defendant admits the allegations in Paragraph 11.

12.    Defendant admits the allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

2

14.     Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15.

16.     Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20.     Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

### III.     JURISDICTION AND VENUE

21.     Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.     Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.     Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24.

## IV.    FACTUAL BACKGROUND

25.    Defendant denies that it employed Plaintiff Hewitt at any time. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 25.

26.    Defendant denies that it employed Plaintiff Hewitt at any time. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 26.

27.    Defendant denies the allegations in Paragraph 27.

28.    Defendant admits that its affiliates require employees to wear appropriate PPE and complies with all laws and regulations. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 28.

29.    Defendant admits that its affiliates require employees to wear appropriate PPE and complies with all laws and regulations. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

## V.    COLLECTIVE ACTION CLAIMS

35.    Defendant incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1-34 as if fully set forth herein.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 36 and, therefore, denies the same.

37.    Paragraph 37 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40. Defendant denies that it "failed" to pay overtime wages or that such alleged "failure" resulted "from generally applicable policies or practices." To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 40.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

## VI.  CLASS ACTION CLAIMS

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 and each discrete subpart states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47 and each discrete subpart.

48.     Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49.     Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

## VII.    COUNT ONE – VIOLATION OF FLSA'S OVERTIME PAY PROVISIONS

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.     Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57.     Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

6

59.    Defendant denies the allegations in Paragraph 59.

60.    Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61.

62.    Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63.    Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64.    Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65.    Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66.    Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

### VII.    COUNT TWO – VIOLATION OF IMWL'S OVERTIME PAY PROVISIONS

67.    Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68.    Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69.    Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70.    Defendant denies the allegations in Paragraph 70.

71.    Paragraph 71 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 71.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff, on behalf of himself and all persons similarly situated, is entitled to any of the damages, relief, costs, attorney's fees or other remedies or expenses set forth in his prayer for relief.  Defendant reserves the right to amend its Answer consistent with evidence obtained in discovery.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts in the alternative to its answers and responses to the Complaint and while standing on said answers and responses and denying all liability to Plaintiff the following affirmative defenses against the claims presented in this action. Defendant reserves the right to plead additional defenses as appropriate through the course of discovery.

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted in that Defendant has never employed Plaintiff.

2.      The portion of Plaintiff's Complaint which seeks damages and/or penalties above and beyond actual damages is unconstitutional because such damages and/or penalties would violate the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

3.      Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

4.      Defendant denies each and every allegation set forth in Plaintiff's Complaint that is not specifically admitted herein.

5.      Plaintiff, by his own actions, inactions, and conduct, has waived and/or is estopped from maintaining this action.

6.      Defendant asserts all defenses in equity, including, but not limited to, waiver,

8

estoppel, laches, unjust enrichment, and the doctrine of unclean hands.

7.     Defendant asserts all applicable doctrines of preemption.

8.     Defendant asserts all applicable federal and state law, constitutional, statutory, and decisional law of immunities.

9.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any and all damages allegedly sustained.

10.     The causes of any injuries or damages to Plaintiff, the existence of which are denied, were not caused by any actions of this Defendant.

11.     Plaintiff's claims are barred, in whole or in part, because Named Plaintiff Hewitt, who was terminated for cause following an investigation into his alleged sexual harassment and/or assault of a coworker, is not an adequate representative of the putative class.

12.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because Defendant acted in good faith at all times and had reasonable grounds to believe that the actions or omissions of any affiliated companies were not a violation of the FLSA.

13.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all times during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities at his employer, M-Class. Therefore, Plaintiff's claims are likewise barred against Defendant, who did not employ him.

14.     Any alleged violations related to Plaintiff's employment with M-Class are *de minimis* and, therefore, Defendant, who did not employ Plaintiff, is likewise not liable for any such conduct.

9

15.     Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages or an extended statute of limitations.

16.     Plaintiff's state law class action claims fail to state a claim upon which relief may be granted.

17.     This Court lacks subject matter jurisdiction over Plaintiffs' state law claims.

18.     The Complaint, and each claim alleged therein, is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under FLSA and/or to proceed as a class action under state law.

19.     Plaintiff and the putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA and/or under state law.

20.     Plaintiff and the putative class/collective action members are not similarly situated and, accordingly, should not proceed as a collective action under the FLSA or as a class action.

21.     The putative class or collective action members are not so numerous that joinder is impracticable.

22.     Plaintiff's and the putative class members' claims do not involve common issues of law or fact.

23.     Plaintiff's claims are not typical of the claims and defenses of the putative class.

24.     This case is not appropriate for class or collective action certification because Plaintiff is not able to fairly and adequately protect the interests of all members of the putative class.

25.     The types of claims alleged by Plaintiff on behalf of the putative class/collective action members are claims in which individual questions predominate and, thus, are not appropriate for class or collective treatment.

26.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's employer, M-Class, compensated Plaintiff well in excess of the applicable state and federal minimum wage laws, even when taking into account the allegedly unpaid hours.

27.     Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

28.     Plaintiff's claims were previously released in part by a prior settlement in *Everly v. Foresight Energy LLC*.  Order of Final Dismissal, Case No. 3:23-cv-03265-CRL-KLM (C.D. Ill. June 3, 2025).

**WHEREFORE**, Defendant, having fully answered Plaintiff's Complaint, states it is not liable to Plaintiff, on behalf of himself and all persons similarly situated, for any of the matters alleged in the Complaint and there can be no recovery against it. Defendant therefore prays for the Court to dismiss the Complaint with prejudice and with all costs expended herein by Defendant taxed to Plaintiff, to deny all relief requested by Plaintiff, and to provide all other just and appropriate relief.

Defendant requests a trial by jury on all issues so triable.

Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/Jeffrey R. Baron*
Jeffrey R. Baron, ARDC #6277085
Bailey Glasser LLP
34 N. Gore Avenue, Suite 102
Webster Groves, MO  63119
Telephone:  314.863.5446
Facsimile:   304.342.1110
Email:  jbaron@baileyglasser.com

Mary Pat Statler *pro hac vice* pending
Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304.345.6555
Facsimile: 304.342.1110
Email: mstatler@baileyglasser.com
*Counsel for Defendant*

11

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 23, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ricardo J. Prieto
Melinda Buckle
WAGE AND HOUR FIRM
5050 Quorum Drive, Suite 700
Dallas, TX 75254
Email: rprieto@wageandhourfirm.com
Email: marbuckle@wageandhourfirm.com

*/s/Jeffrey R. Baron*
Jeffrey R. Baron, ARDC #6277085